**Nikola Lyn Jones,** OSB #941013
Email: njones@lindsayhart.com
**Matteo J. Leggett**, OSB # 165341
Email: mleggett@lindsayhart.com
LINDSAY HART, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201-5640
Phone: 503-226-7677
Fax: 503-226-7697
   *Attorneys for Defendant Gilberto De Jesus-Rentas*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PAUL GALM, personal representative for the estate of DYLLAN NANOSKI<br><br>       Plaintiff,<br><br>   v.<br><br>STATE OF OREGON, by and through the Oregon Youth Authority; JOHN MALONE, in his individual capacity; SHANNON MOSHOFSKY in her individual capacity; STACEY VERNER in her individual capacity; GILBERTO DE JESUS-RENTAS, in his individual capacity; DANIEL BERGER, in his official and individual capacity; TARA WILLIAMS in her individual capacity; and LARA DOREGIOS, in her individual capacity,<br><br>       Defendants. | Case No. 3:23-cv-00962-SB.<br><br>**DEFENDANT GILBERTO DE JESUS-RENTAS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Gilberto De Jesus-Rentas ("Dr. De Jesus-Rentas" herein) answers Plaintiff's

First Amended Complaint and admits, denies, and alleges as follows:

1.

Paragraph 1 pleads a legal conclusion to which no response is required.

/ / /

Page 1 – **DEFENDANT GILBERTO DE JESUS-RENTAS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**                    LINDSAY HART, LLP

2.

Paragraphs 2, 3, 4, 5, 6, and 7 contain allegations directed at parties/individuals other than Dr. De Jesus-Rentas, and therefore, no response is required. To the extent a response is required, Dr. De Jesus-Rentas has insufficient information to admit or deny the allegations and therefore denies the same.

3.

In response to the allegations at Paragraph 8, no response is required to the legal conclusion that Dr. De Jesus-Rentas is being sued in his individual capacity. Further, Dr. De Jesus-Rentas admits only that at all material times he was a licensed Oregon physician, and that, on information and belief, he contracted with Oregon Youth Authority ("OYA") to provide psychiatric services at OYA's MacLaren Youth Correctional Facility ("MYCF"). Otherwise, Dr. De Jesus-Rentas denies the allegations at Paragraph 8.

4.

Paragraphs 9 through 30 contain allegations directed at parties/individuals other than Dr. De Jesus-Rentas, and therefore, no response is required. To the extent a response is required, Dr. De Jesus-Rentas has insufficient information to admit or deny the allegations and therefore denies the same.

5.

In response to the allegations at Paragraph 31, Dr. De Jesus-Rentas admits, on information and belief, that he evaluated Dyllan Nanoski on May 6, 2021, and that his progress note for that date speaks for itself. Otherwise, Dr. De Jesus-Rentas denies the allegations at Paragraph 31.

/ / /

/ / /

6.

Paragraphs 32 through 36 contain allegations directed at parties/individuals other than Dr. De Jesus-Rentas, and therefore, no response is required. To the extent a response is required, Dr. De Jesus-Rentas has insufficient information to admit or deny the allegations and therefore denies the same.

7.

In response to the allegations at Paragraph 37, Dr. De Jesus-Rentas admits, on information and belief, that he evaluated Dyllan Nanoski on May 27, 2021, and that his progress note for that date speaks for itself. Otherwise, Dr. De Jesus-Rentas denies the allegations at Paragraph 37.

8.

Paragraphs 38 through 42 contain allegations directed at parties/individuals other than Dr. De Jesus-Rentas, and therefore, no response is required. To the extent a response is required, Dr. De Jesus-Rentas has insufficient information to admit or deny the allegations and therefore denies the same.

9.

In response to Paragraph 43, Dr. De Jesus-Rentas admits, on information and belief, that he evaluated Dyllan Nanoski on June 17, 2021, and that his progress note for that date speaks for itself, including the following: "Per OYA protocols; S. Moshosky and OYA treatment team at the living unit in charge of the referral to the Oregon State Hospital." Otherwise, Dr. De Jesus-Rentas denies the allegations at Paragraph 43.

10.

Paragraphs 44 through 47 contain allegations directed at parties/individuals other than Dr. De Jesus-Rentas, and therefore, no response is required. To the extent a response is required, Dr.

De Jesus-Rentas has insufficient information to admit or deny the allegations and therefore denies the same.

11.

Dr. De Jesus-Rentas denies Paragraphs 48 through 50.

12.

Paragraphs 51 through 54 contain allegations directed at parties/individuals other than Dr. De Jesus-Rentas, and therefore, no response is required. To the extent a response is required, Dr. De Jesus-Rentas denies the allegations at Paragraphs 51 through 54.

13.

Dr. De Jesus-Rentas denies Paragraphs 55 through 61.

14.

Paragraphs 62 through 83 contain allegations directed at parties/individuals other than Dr. De Jesus-Rentas, and therefore, no response is required. To the extent a response is required, Dr. De Jesus-Rentas denies the allegations at Paragraphs 62 through 83.

15.

Paragraph 84 pleads a legal conclusion to which no response is required. To the extent a response is required, Dr. De Jesus-Rentas denies the allegations at Paragraph 84.

16.

Except as expressly admitted herein, Dr. De Jesus-Rentas denies each and every allegation in the First Amended Complaint, denies the prayer for relief, and denies that he was at fault or caused any damage to Plaintiff.

/ / /

/ / /

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

17.

Plaintiff has failed to state a claim against Dr. De Jesus-Rentas upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No State Action)

18.

Dr. De Jesus-Rentas is a private, not a state, actor. Accordingly, Dr. De Jesus-Rentas is not a proper party under some or all of plaintiff's claims, including plaintiff's section 1983 claim (including under the Eighth and Fourteenth Amendments to the United States Constitution).

## THIRD AFFIRMATIVE DEFENSE
### (No Constitutional Violation)

19.

The actions or inactions of Dr. De Jesus-Rentas do not constitute any constitutional violation.

## FOURTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

20.

In the event a determination is made that Dr. De Jesus-Rentas was acting under color of law, Dr. De Jesus-Rentas is entitled to qualified or "good faith" immunity.

/ / /

/ / /

/ / /

## FIFTH AFFIRMATIVE DEFENSE
### (Cap on Noneconomic Damages)

21.

Plaintiff's claims for relief are subject to a $500,000 cap on noneconomic damages. ORS 31.170.

## SIXTH AFFIRMATIVE DEFENSE
### (OTCA)

22.

In the event a determination is made that Dr. De Jesus-Rentas was acting as an agent of a public body, plaintiff's claims are subject to the conditions, limitations, and immunities contained in the Oregon Tort Claims Act, ORS 30.260 et seq., including, but not limited to, discretionary immunity under ORS 30.265(6), the tort claim notice requirements under ORS 30.275, the limitations on damages contained in ORS 30.272 and any other applicable statute.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

23.

Some or all of the claims asserted by plaintiff are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

24.

Plaintiff's damages, if any, were caused, in whole or in part, by his own negligence and/or the negligence of his family, the beneficiaries to this action.

/ / /

/ / /

/ / /

## NINTH AFFIRMATIVE DEFENSE
### (Fault of Others)

25.

Plaintiff's damages, if any, were caused, in whole or in part, by the acts, wrongs, or omissions of others for which Dr. De Jesus-Rentas is not responsible and liable and has no right to control.

## TENTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Cause)

26.

Plaintiff's damages, if any, were the result of intervening or superseding events, factors, occurrences, or conditions, which were in no way caused by Dr. De Jesus-Rentas and for which Dr. De Jesus-Rentas is not responsible and liable.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

27.

Plaintiff may be barred from bringing this action for failure to exhaust administrative remedies under the Prison Litigation Reform Act.

## TWELFTH AFFIRMATIVE DEFENSE
### (Limitation on Attorney Fees and Damages – 42 U.S.C. § 1997e)

28.

Plaintiff's damages and fees, if any, are subject to the limitations contained in the Prison Litigation Reform Act, including, but not limited to, the requirements of 42 U.S.C. § 1997e.

29.

Dr. De Jesus-Rentas reserves the right to plead additional affirmative defenses or remove affirmative defenses after case investigation and discovery.

30.

Dr. De Jesus-Rentas respectfully demands trial by jury.

**WHEREFORE**, having fully answered Plaintiff's First Amended Complaint, Dr. De Jesus-Rentas prays as follows:

A. That plaintiff's First Amended Complaint be dismissed with prejudice;

B. That Dr. De Jesus-Rentas be awarded his attorney fees, costs, and disbursements as provided by law;

C. That, pursuant to 42 U.S.C. § 1988, Dr. De Jesus-Rentas be awarded his reasonable attorney fees and costs in defending the claims brought against him; and

D. For further relief in Dr. De Jesus-Rentas' favor as the Court deems just and equitable.

Dated this 28th day of December, 2023.

LINDSAY HART, LLP

By: */ s / Matteo J. Leggett*
Nikola Lyn Jones, OSB No. 941013
njones@lindsayhart.com
Matteo J. Leggett, OSB No. 165341
mleggett@lindsayhart.com
*Attorneys for Defendant Gilberto De Jesus-Rentas*