**Nikola Lyn Jones,** OSB #941013
Email: njones@lindsayhart.com
**Matteo J. Leggett**, OSB # 165341
Email: mleggett@lindsayhart.com
LINDSAY HART, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201-5640
Phone: 503-226-7677
Fax: 503-226-7697
    *Attorneys for Defendant Brendan Dummigan as Guardian Ad Litem for Gilberto De Jesus-Rentas*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| PAUL GALM, personal representative for the estate of DYLLAN NANOSKI<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF OREGON, by and through the Oregon Youth Authority; JOHN MALONE, in his individual capacity; SHANNON MOSHOFSKY in her individual capacity; STACEY VERNER in her individual capacity; BRENDAN DUMMIGAN as Guardian *ad litem* for GILBERTO DE JESUS-RENTAS, in his individual capacity; DANIEL BERGER, in his official and individual capacity; TARA WILLIAMS in her individual capacity; and LARA DOREGIOS, in her individual capacity,<br><br>    Defendants. | Case No. 3:23-cv-00962-SB.<br><br>**DEFENDANT BRENDAN DUMMIGAN, GUARDIAN AD LITEM FOR GILBERTO DE JESUS-RENTAS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Brendan Dummigan, as guardian ad litem for Gilberto De Jesus-Rentas, ("Defendant" herein), answers Plaintiff's Second Amended Complaint and admits, denies, and alleges as follows:

Page 1 – **DEFENDANT BRENDAN DUMMIGAN, GUARDIAN AD LITEM FOR GILBERTO DE JESUS-RENTAS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

LINDSAY HART, LLP

1.

Paragraph 1 pleads a legal conclusion to which no response is required.

2.

Paragraphs 2, 3, 4, 5, 6, and 7 contain allegations directed at parties/individuals other than Defendant, and therefore, no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations and therefore denies the same.

3.

In response to the allegations at Paragraph 8, no response is required to the legal conclusion that Dr. De Jesus-Rentas is being sued in his individual capacity through his guardian ad litem in this matter, Brendan Dummigan. Further, Defendant admits only that at all material times Dr. De Jesus-Rentas was a licensed Oregon physician, and that, on information and belief, he contracted with Oregon Youth Authority ("OYA") to provide psychiatric services at OYA's MacLaren Youth Correctional Facility ("MYCF"). Otherwise, Defendant denies the allegations at Paragraph 8.

4.

Paragraphs 9 through 30 contain allegations directed at parties/individuals other than Defendant, and therefore, no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations and therefore denies the same.

5.

In response to the allegations at Paragraph 31, Defendant admits, on information and belief, that Dr. De Jesus-Rentas evaluated Dyllan Nanoski on May 6, 2021, and that his progress note for that date speaks for itself. Otherwise, Defendant denies the allegations at Paragraph 31.

6.

Paragraphs 32 through 36 contain allegations directed at parties/individuals other than Defendant, and therefore, no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations and therefore denies the same.

Page 2 – **DEFENDANT BRENDAN DUMMIGAN, GUARDIAN AD LITEM FOR GILBERTO DE JESUS-RENTAS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

LINDSAY HART, LLP

7.

In response to the allegations at Paragraph 37, Defendant admits, on information and belief, that Dr. De Jesus-Rentas evaluated Dyllan Nanoski on May 27, 2021, and that his progress note for that date speaks for itself. Otherwise, Defendant denies the allegations at Paragraph 37.

8.

Paragraphs 38 through 42 contain allegations directed at parties/individuals other than Defendant, and therefore, no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations and therefore denies the same.

9.

In response to Paragraph 43, Defendant admits, on information and belief, that Dr. De Jesus-Rentas evaluated Dyllan Nanoski on June 17, 2021, and that his progress note for that date speaks for itself, including the following: "Per OYA protocols; S. Moshosky and OYA treatment team at the living unit in charge of the referral to the Oregon State Hospital." Otherwise, Defendant denies the allegations at Paragraph 43.

10.

Paragraphs 44 through 47 contain allegations directed at parties/individuals other than Defendant, and therefore, no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations and therefore denies the same.

11.

Defendant denies Paragraphs 48 through 50.

12.

Paragraphs 51 through 54 contain allegations directed at parties/individuals other than Defendant, and therefore, no response is required. To the extent a response is required, Defendant denies the allegations at Paragraphs 51 through 54.

/ / /

Page 3 – **DEFENDANT BRENDAN DUMMIGAN, GUARDIAN AD LITEM FOR GILBERTO DE JESUS-RENTAS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

LINDSAY HART, LLP

13.

Defendant denies Paragraphs 55 through 61.

14.

Paragraphs 62 through 83 contain allegations directed at parties/individuals other than Defendant, and therefore, no response is required. To the extent a response is required, Defendant denies the allegations at Paragraphs 62 through 83.

15.

Paragraph 84 pleads a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations at Paragraph 84.

16.

Except as expressly admitted herein, Defendant denies each and every allegation in the Second Amended Complaint, denies the prayer for relief, and denies that Defendant was at fault or caused any damage to Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

17.

Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No State Action)

18.

Dr. De Jesus-Rentas is a private, not a state, actor. Accordingly, Defendant is not a proper party under some or all of plaintiff's claims, including plaintiff's section 1983 claim (including under the Eighth and Fourteenth Amendments to the United States Constitution).

/ / /

Page 4 – **DEFENDANT BRENDAN DUMMIGAN, GUARDIAN AD LITEM FOR GILBERTO DE JESUS-RENTAS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

LINDSAY HART, LLP

## THIRD AFFIRMATIVE DEFENSE
### (No Constitutional Violation)

19.

The actions or inactions of Dr. De Jesus-Rentas do not constitute any constitutional violation.

## FOURTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

20.

In the event a determination is made that Dr. De Jesus-Rentas was acting under color of law, Dr. De Jesus-Rentas is entitled to qualified or "good faith" immunity.

## FIFTH AFFIRMATIVE DEFENSE
### (Cap on Noneconomic Damages)

21.

Plaintiff's claims for relief are subject to a $500,000 cap on noneconomic damages. ORS 31.170.

## SIXTH AFFIRMATIVE DEFENSE
### (OTCA)

22.

In the event a determination is made that Dr. De Jesus-Rentas was acting as an agent of a public body, plaintiff's claims are subject to the conditions, limitations, and immunities contained in the Oregon Tort Claims Act, ORS 30.260 et seq., including, but not limited to, discretionary immunity under ORS 30.265(6), the tort claim notice requirements under ORS 30.275, the limitations on damages contained in ORS 30.272 and any other applicable statute.

/ / /

/ / /

/ / /

Page 5 – **DEFENDANT BRENDAN DUMMIGAN, GUARDIAN AD LITEM FOR GILBERTO DE JESUS-RENTAS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

LINDSAY HART, LLP

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

23.

Some or all of the claims asserted by plaintiff are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

24.

Plaintiff's damages, if any, were caused, in whole or in part, by his own negligence and/or the negligence of his family, the beneficiaries to this action.

## NINTH AFFIRMATIVE DEFENSE
### (Fault of Others)

25.

Plaintiff's damages, if any, were caused, in whole or in part, by the acts, wrongs, or omissions of others for which Defendant is not responsible and liable and has no right to control.

## TENTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Cause)

26.

Plaintiff's damages, if any, were the result of intervening or superseding events, factors, occurrences, or conditions, which were in no way caused by Defendant and for which Defendant is not responsible and liable.

/ / /

/ / /

/ / /

/ / /

**/ / /**

Page 6 – **DEFENDANT BRENDAN DUMMIGAN, GUARDIAN AD LITEM FOR GILBERTO DE JESUS-RENTAS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

LINDSAY HART, LLP

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

27.

Plaintiff may be barred from bringing this action for failure to exhaust administrative remedies under the Prison Litigation Reform Act.

## TWELFTH AFFIRMATIVE DEFENSE
### (Limitation on Attorney Fees and Damages – 42 U.S.C. § 1997e)

28.

Plaintiff's damages and fees, if any, are subject to the limitations contained in the Prison Litigation Reform Act, including, but not limited to, the requirements of 42 U.S.C. § 1997e.

29.

Defendant reserves the right to plead additional affirmative defenses or remove affirmative defenses after case investigation and discovery.

30.

Defendant respectfully demands trial by jury.

**WHEREFORE**, having fully answered Plaintiff's Second Amended Complaint, Defendant prays as follows:

A. That plaintiff's Second Amended Complaint be dismissed with prejudice;

B. That Defendant be awarded attorney fees, costs, and disbursements as provided by law;

C. That, pursuant to 42 U.S.C. § 1988, Defendant be awarded reasonable attorney fees and costs in defending the claims brought against him; and

D. For further relief in Defendant's favor as the Court deems just and equitable.

/ / /

Page 7 – **DEFENDANT BRENDAN DUMMIGAN, GUARDIAN AD LITEM FOR GILBERTO DE JESUS-RENTAS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

LINDSAY HART, LLP

Dated this 20th day of February, 2024.

        LINDSAY HART, LLP

        By:  */ s / Matteo J. Leggett*
            Nikola Lyn Jones, OSB No. 941013
            njones@lindsayhart.com
            Matteo J. Leggett, OSB No. 165341
            mleggett@lindsayhart.com
            *Attorneys for Defendant Brendan Dummigan as Guardian Ad Litem for Gilberto De Jesus-Rentas*